UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DARLENE ANGELINI,  )  CASE NO.:
    Plaintiff,  )
    )
v.  )
    )
OCWEN LOAN SERVICING LLC; HSBC  )
BANK USA, N.A., as Trustee.,  )
    Defendants.  )
    /

# COMPLAINT

Plaintiff, DARLENE ANGELINI ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants, OCWEN LOAN SERVICING LLC (OCWEN) and HSBC BANK USA, N.A., as Trustee (HSBC), together ("Defendants"), and alleges the following:

## JURISDICTION, VENUE, PARTIES AND JURY DEMAND

1. This is an action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which is within this Honorable Court's original, federal question jurisdiction pursuant to 28 U.S.C. § 1331, and for state law claims within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because the Defendant regularly conducts business in Broward County, Florida, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

3. Plaintiff, at all times material to this lawsuit, is a resident of Broward County, Florida.

4. Defendant, OCWEN, is a mortgage loan servicer which does substantial and not isolated business in Broward County, Florida and/or otherwise within the jurisdiction of the Southern District of Florida.

1

5. Defendant, HSBC, is a national banking institution which serves as trustee for various mortgage-backed securitized trusts and which does substantial and not isolated business in Broward County, Florida and/or otherwise within the jurisdiction of the Southern District of Florida.

6. Defendants are subject to personal jurisdiction in this District and in this Court, pursuant to Florida Statutes §48.193, in that they conduct substantial and not isolated business within the Southern District of Florida and otherwise have sufficient contacts within Florida and this District upon which to support personal jurisdiction, and because subjecting them to personal jurisdiction in this District does not otherwise offend traditional notions of fair play and substantial justice.

7. **JURY DEMAND:** Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment to the United States Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

8. Plaintiff has retained the undersigned law firm as her attorneys in this action, and is obligated to pay a reasonable attorneys' fee and all costs incurred in this action.

## GENERAL ALLEGATIONS

9. Plaintiff incurred a debt or obligation to pay money arising out of a transaction in which money, property, insurance or services, which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Specifically, Plaintiff incurred the debt in the purchase of real property located in Broward County, Florida, bearing the street address of 1120 SE 6th Terrace, Pompano Beach, FL 33060 (the "Property").

10. Since at least December of 2016, Defendants have sent numerous communications to Plaintiff – attempting to collect on a debt – that violate FDCPA and the Florida Consumer

Collection Practices Act ("FCCPA"). *Attached as Composite Exhibit "A" is some of the correspondence.*

11. The correspondence in Exhibit "A" contains false representations regard the character, amount, or legal status of the mortgage loan debt and the amounts owed. It also contains false representations and/or uses deceptive means to collect or attempt to collect the debt and amounts not owed.

12. By way of example, looking at the January 17, 2017 correspondence contained within Exhibit "A" hereto, Defendants state, *inter alia*, the loan number, the property address, the total amount due ($1,056,591.28), the payment due date ("Due Now"), and the reinstatement amount ($527,476.16). The paragraph title "Important New" states that "[t]he amount required to reinstate your loan as of the date of this statement is listed above," which is $527,476.16. However, the payment coupon at the bottom of the page includes the full $1,056,591.28 as the payment due.

13. Further, at the time of this correspondence, the loan was not in foreclosure, however the letter states: "Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only." Yet it goes on to state that any payments received "will be applied to bring the loan contractually current." But in the same paragraph it states: "Your loan has been accelerated" and then it directs Plaintiff to send a certified payment to "reinstate" the loan.

14. All of this would confuse anyone, let alone a least sophisticated consumer. But even if Plaintiff could have deciphered this letter, the amount allegedly due was incorrect as many of the payments were time-barred by the statute of limitations, as later admitted by Defendants in an April 27, 2017 letter contained within Exhibit "A."

15. Defendants also sent other correspondence making it appear that Plaintiff could resume making payments even though Defendant, HSBC, had accelerated the loan with the filing of a foreclosure action in the matter of *HSBC Bank USA, N.A., as Trustee v. Angelini, et al.*, Case Number 2018-CA-009440 (the "Foreclosure Action"). Paragraph 9 of that complaint states that Defendant, HSBC, declared the full amount payable under the loan documents. *Attached as Exhibit "B" is the Complaint in the Foreclosure Action.*

16. By way of example, in the April 23, 2018 correspondence, contained within Exhibit "A" hereto, Defendants state on page two that the new regular monthly payment due on July 1, 2018 would be $5,557.21, even though the loan was already in foreclosure.

17. Similarly, the May 17, 2018 correspondence, contained within Exhibit "B" hereto, states that the total amount due was $779,106.91 but the reinstatement amount was $251,481.21 with a due date of "Due now." The reinstatement amount is the payment listed as due at the top, middle, and bottom of the page in the payment coupon section. But, again, the loan was in foreclosure and already accelerated, thus, reinstatement was not available to Plaintiff.

18. Undoubtably, Plaintiff has been the subject of collection activity. The specific activity consisted of communications and statements sent to Plaintiff by Defendants.

19. Defendant's, OCWEN's, principal business is the lending of funds, servicing of loans and the collection of debt, or is an entity who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due. Defendant is a "debt collector" as defined by Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p., and Florida Statute §559.55(7). Upon information and believe, Defendant is the servicer of Plaintiff's mortgage loan.

20. Defendant's, HSBC's, principal business is the lending of funds, servicing of loans and the collection of debt, or is an entity who regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due. Defendant is a "debt collector" as defined by Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p., and Florida Statute §559.55(7).

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AGAINST OCWEN

21. Plaintiff realleges and incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

22. This is an action against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p. ("FDCPA").

23. Defendant, upon information and belief, is a debt collector within the meaning of the FDCPA, because it is the servicer of the note and mortgage on the Property.

24. The correspondence which is the subject of this action as represented by Exhibit "A" hereto and that to be obtained through discovery, is correspondence within the meaning of 15 U.S.C. § 1692a(2), because it conveys information to Plaintiff regarding the original mortgage loan debt.

25. By way of the correspondence in Exhibit "A," and that to be obtained during discovery, Defendant violated the following provisions of the FDCPA:

  a. FDCPA § 1692e(2)(A)'s prohibition against using the false representation of the character, amount or legal status of the debt.

  b. FDCPA § 1692e(5)'s prohibition against using the threat to take an action that cannot legally be taken or that is not intended to be taken; and

  c. FDCPA § 1692e(10)'s prohibition against the use of any false representation or deceptive means to collect any debt or to obtain information concerning the consumer.

26. The actions of Defendant as alleged herein, and to be proven at trial, constitute a violation of the Fair Debt Collection Practices Act sufficient to warrant liability under 15 U.S.C. § 1692(k).

**WHEREFORE**, Plaintiff demands entry of judgment against Defendant, for actual damages, statutory damages, court costs, attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3), pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST HSBC

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

28. This is an action against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p. ("FDCPA").

29. Defendant, upon information and belief, is a debt collector within the meaning of the FDCPA, because it is the trustee of the trust in which the loan on the Property was allegedly placed.

30. The correspondence which is the subject of this action as represented by Exhibit "A" hereto and that to be obtained through discovery, is correspondence within the meaning of 15 U.S.C. § 1692a(2), because it conveys information to Plaintiff regarding the original mortgage loan debt.

31. By way of the correspondence in Exhibit "A," and that to be obtained during discovery, Defendant violated the following provisions of the FDCPA:

   a. FDCPA § 1692e(2)(A)'s prohibition against using the false representation of the character, amount or legal status of the debt.

   b. FDCPA § 1692e(5)'s prohibition against using the threat to take an action that cannot legally be taken or that is not intended to be taken; and

    c. FDCPA § 1692e(10)'s prohibition against the use of any false representation or deceptive means to collect any debt or to obtain information concerning the consumer.

32. The actions of Defendant as alleged herein, and to be proven at trial, constitute a violation of the Fair Debt Collection Practices Act sufficient to warrant liability under 15 U.S.C. § 1692(k).

**WHEREFORE**, Plaintiff demands entry of judgment against Defendant, for actual damages, statutory damages, court costs, attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3), pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper.

**COUNT III**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT AGAINST OCWEN**

33. Plaintiff realleges and incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

34. This is an action against Defendant for violation of the Florida Consumer Collection Practices Act, Florida Statutes § 559.55, et seq. ("FCCPA").

35. The correspondence which is the subject of this action as represented by Exhibit "A" hereto, and that to be obtained through discovery, comprises communication within the meaning of § 559.55(2), because it conveys information to Plaintiff regarding the mortgage loan debt.

36. By way of the correspondence in Exhibit "A," and that to be obtained during discovery, Defendant's, and its agents', acts and omissions violated the FCCPA §559.72(9)'s prohibition against claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate.

37. Defendant's acts and omissions as described constitute numerous and multiple violations of the FCCPA. Specifically, the Defendant has sent communications, i.e. mortgage statements and

7

correspondences, to Plaintiff in which the Defendant is attempting to enforce a debt and where the debt is not correctly stated and/or where the communication is misleading.

38. The actions of the Defendant as alleged herein were accomplished with such intentional misconduct and/or gross negligence as to warrant an award of punitive damages to the maximum extent permitted by law based on the level of intent and knowledge of the Defendant.

**WHEREFORE**, Plaintiff demands entry of judgment against the Defendant, for actual damages, statutory damages, punitive damages, court costs, attorneys' fees pursuant to Florida Statutes § 559.77, pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT AGAINST HSBC

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

40. This is an action against Defendant for violation of the Florida Consumer Collection Practices Act, Florida Statutes § 559.55, et seq. ("FCCPA").

41. The correspondence which is the subject of this action as represented by Exhibit "A" hereto, and that to be obtained through discovery, comprises communication within the meaning of § 559.55(2), because it conveys information to Plaintiff regarding the mortgage loan debt.

42. By way of the correspondence in Exhibit "A," and that to be obtained during discovery, Defendant's, and its agents', acts and omissions violated the FCCPA §559.72(9)'s prohibition against claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate.

43. Defendant's, and its agents,' acts and omissions as described constitute numerous and multiple violations of the FCCPA. Specifically, the Defendant has sent communications, i.e. mortgage statements and correspondences, to Plaintiff in which the Defendant is attempting to enforce a debt and where the debt is not correctly stated and/or where the communication which is misleading.

44. The actions of the Defendant as alleged herein were accomplished with such intentional misconduct and/or gross negligence as to warrant an award of punitive damages to the maximum extent permitted by law based on the level of intent and knowledge of the Defendant.

**WHEREFORE**, Plaintiff demands entry of judgment against the Defendant, for actual damages, statutory damages, punitive damages, court costs, attorneys' fees pursuant to Florida Statutes § 559.77, pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper.

Dated September ___, 2018

                      Respectfully submitted,

                      **FARROW LAW, P.A.**

                      Attorneys for Plaintiff
                      4801 S. University Drive, Suite 132
                      Davie, Florida 33328
                      Telephone:   (954) 252-9818
                      Facsimile:    (954) 252-9821
                      jay@farrowlawfirm.com

                      BY: */s/Jay Lewis Farrow*
                           JAY LEWIS FARROW, ESQ.
                           Florida Bar Number: 625213